UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS S. ROBERTSON** | **DOCKET NO. 6:23-cv-00599** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **UNKNOWN DEFENDANT** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the court are the original and amended civil rights complaints (doc. 1, 5) filed pursuant to 42 U.S.C. § 1983, by Marcus S. Robertson, who is proceeding pro se and in forma pauperis in this matter. Robertson is incarcerated at the Iberia Parish Criminal Justice Facility in New Iberia, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

I.    **Background**

Plaintiff filed the instant complaint on May 4, 2023. Doc. 1. His bare complaint provided no details of any claim he intends to bring. Accordingly, he was ordered to amend to comply with the requirements of Federal Rules of Civil Procedure 8. Doc. 4. Plaintiff filed an Amended Complaint on June 14, 2023, in which he named as defendants Warden W. Westcott, Lt. Stevens, Capt. P. Freyou, Lt. B Fitch. Doc. 5. However, he failed to provide the specific factual allegations required by FRCP 8. Plaintiff simply stated that the named defendants were "physical" with him and, as a result, he sustained an injury to his left elbow which required stiches. *Id*.

## II.     Law & Analysis

### A. *Frivolity Review*

Robertson has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Excessive Force*

Claims of excessive force used to subdue a convicted prisoner are analyzed under an Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312 (1986). It is clearly established law that prison staff cannot cause the unnecessary and wanton infliction of pain. *Id*. at 320.

The Eighth Amendment inquiry has two components: (1) an objective inquiry that asks whether the alleged wrongdoing was nontrivial and harmful enough to violate the constitution; and (2) a subjective inquiry as to the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 8. Under the objective component, the prisoner must demonstrate that the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id*. To prevail on such a claim, a plaintiff must first prove a subjective component by establishing that "the defendant acted maliciously and sadistically in an 'unnecessary and wanton infliction of pain.'" *Mosley v. White,* 464 F. App'x 206, 211-12 (5th Cir. 2010) (quoting *Hudson*, 503 U.S. at 8). To make this determination, a court should consider: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the responsible official; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the injury suffered;. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998); *Hudson v. McMillian,* 962 F.2d 522, 523 (5th Cir. 1992). "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Under the injury component, a claim for excessive force is actionable only if the plaintiff demonstrates an injury resulting directly and only from the application of force. Although the plaintiff is not required to show a "significant injury," he is required to show that he has suffered

"'at least some form of injury.' The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." *Lincoln v. Turner*, 874 F.3d 833, 846 (5th Cir. 2017) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)). However, while "a de minimis injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is directly related to the amount of force that is constitutionally permissible under the circumstances." *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017). Thus, "[a]ny force found to be objectively unreasonable necessarily exceeds the de minimis threshold, and, conversely, objectively reasonable force will result in de minimis injuries only." *Id*. (citation and quotation marks omitted). "[A]s long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Id*. (quoting *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996).

Furthermore, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . ." 42 U.S.C. § 1997e(e); *see also Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore and bruised ear lasting for three days was de minimis and did not meet the physical injury requirement found in the Prison Litigation Reform Act). In order to state an Eighth Amendment claim, a prisoner must have "suffered at least some injury." See, e.g., Lee v. Wilson, 237 F. App'x 965, 966 (5th Cir. 2007) (unpublished) (affirming the dismissal of a prisoner's excessive force claim, holding the prisoner's split lip was a de minimis injury and the conduct was not repugnant to the conscience of mankind).

Plaintiff should amend his complaint to allege facts to demonstrate that the use of force was a violation of his Constitutional rights and not an appropriate exercise of force under the

circumstances. He should provide a description of what actually occurred and what <u>each defendant</u> did to violate plaintiff's rights and of the injuries he suffered. What was happening just prior to the incident? What prompted the force used by prison officials? What steps were taken prior to the use of force?

He should state whether any criminal or disciplinary charges related to the incident in question were filed, and if so, the status of those charges.

### D. *Supervisory Officials*

Robertson names as defendants individuals who appear to have supervisory roles, Warden Westcott, Lt. Turner, Captain Freyou and Lt. Fitch. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). In other words, to the extent that plaintiff seeks to name a supervisory official as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the defendant.

### III. Conclusion

Robertson must amend his complaint to address the deficiencies described above, and to dismiss the parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Robertson at his last address on file.

**IT IS ORDERED** that Robertson amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962). Robertson is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 26th day of September, 2023.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**