UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS S. ROBERTSON** | **DOCKET NO. 6:23-cv-00599** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **UNKNOWN DEFENDANT** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the court are the original and amended civil rights complaints (doc. 1, 5) filed pursuant to 42 U.S.C. § 1983, by Marcus S. Robertson, who is proceeding pro se and *in forma pauperis* in this matter. Robertson is incarcerated at the Iberia Parish Criminal Justice Facility in New Iberia, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.      Background**

Plaintiff filed his original complaint on May 4, 2023. Doc. 1. His bare complaint provided no details of any claim he intended to bring. Accordingly, he was ordered to amend to comply with the requirements of Federal Rules of Civil Procedure 8. Doc. 4. Plaintiff filed an Amended Complaint on June 14, 2023, in which he named as defendants Warden W. Westcott, Lt. Stevens, Capt. P. Freyou, Lt. B Fitch. Doc. 5. However, he failed to provide the specific factual allegations required by FRCP 8. Plaintiff simply stated that the named defendants were "physical" with him and, as a result, he sustained an injury to his left elbow which required stiches. *Id*. On September 26, 2023, the Court once again ordered plaintiff to amend his complaint. Doc. 6. The deadline for filing said amendment was October 26, 2023. Robertson has not filed an amendment in accordance with the Order.

## II.     Law & Application

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Robertson has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III.    Conclusion

Accordingly,

**IT IS RECOMMENDED** that Robertson's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of December, 2023.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**